## L. BARNEY *v.* W. C. HALBERT.

**Judgment Against a Non-Resident—Pleadings—Essentials of Petition.**

As a petition, against a non-resident, averring a readiness to convey lands sold to defendant, stands traversed, it is essential to recovery, that the plaintiff show he possesses an unencumbered legal title, and a tender of such a deed made in court.

**Same.**

It is error to adjudge a sale of a defendant, non-residents' property, where the allegations of the petition neither allege nor seeks to point out the interest the defendant holds in the property, nor such title shown in the judgment.

**Sale of Personal Property—Stock in a Petrolium Company.**

The measure of damages for failure to pay for subscription to stock is not its par, but its cash value on the day to be paid.

APPEAL FROM LEWIS CIRCUIT COURT.

May 30, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellee, asserting a vendor's lien for $5,000 purchase price in money, and 600 shares in a petroleum company, at $25 per share, par value, amounting to $15,000, all which he averred was unpaid, attached various lands and joint interest of the appellant in lands, beside asserting his vendor's lien upon the 500 acres of land sold, but which was not conveyed. It appears that the purchase price was to be paid at a future, specified time and a conveyance by general warranty clear of all encumbrances was to be made upon the same day upon the payment of the purchase price. Plaintiff averred his ability and readiness to convey and avers a tender of the deed in and with his petition, but no such deed appears in the record.

The sheriff returned the attachment levied upon some of the lands and his joint interest in others, and that the defendant was a non-resident.

The court thereupon gave a personal judgment for plaintiff's claims and sustained the attachment upon parol proof heard in court.

Subsequently, after the adjournment of the court, the plaintiff by a paper filed, released the personal judgment and order of sale, but reserved the benefit of the adjudication as settling the rights otherwise between the parties.

At a subsequent term, after a deposition proving the defendant's non-residency, had been taken, the court again sustained the attachment and ordered a sale of a sufficiency of the attached property to pay the debt and reserved a lien upon the land, and defendant has appealed to this court for a correction of errors.

That the material allegations of plaintiff's petition stand denied upon proceedings against a non-resident, is too clear for controversy, therefore, as plaintiff's averment that he was able and willing to convey stood traversed, it was essential to his recovery that he should show he possessed an unencumbered legal title to the land sold, so far from having done so he does not even suggest by what title he holds the land, or how he became possessed with the legal title. To adjudge a sale of defendant's property until this was made manifest was a radical error.

There is no evidence in the record of the legal title of defendant to the lands attached, it is true it is averred how he became possessed of the title to the various tracts, but the deeds are not in, and whether these titles were unencumbered by vendor's liens

are neither averred nor shown. It was erroneous to expose to sale a non-resident's property without ascertaining these facts, as both detrimental to him and uncertain to the bidders; the chancellor should always assure to purchasers the kind of title he offers for sale.

But as to his undivided interest in the 250 acres and 8 acres which seems to be the joint property of a petroleum company, in which it is averred defendant is a joint holder, his interest, however, is neither averred nor ascertained, and what the purchaser would get cannot be determined by this proceeding, this was radically wrong.

Whether attachments should be deemed to be embraced by the spirit of an act of February 12, 1838, 2 Stant., Rev. Stat. 513-15, regulating the sale of partnership and joint property taken under execution, there is no doubt but the chancellor should ascertain both the interest and title of the defendant before exposing his property to sale, and if need be clear away the encumbrances so as not to sell to purchasers a litigation.

It is not clearly discoverable whether the court intended to adjudicate $15,000 for the unpaid 600 shares of petroleum stock, but if so, this would also be a fatal error, as the true measure of damages would be its cash value on the day to be paid.

For these errors the judgment is reversed, with directions for further proceedings consistent herewith.

*Stevenson, Myers, for appellant.*

*Taylor, Ireland, Halbert, for appellee.*